**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GREGORY CRUTCHER, individually and
on behalf of other similarly situated individuals,

      Plaintiff,

v.                                                                        1:18-cv-00412-KK/KBM

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY PERSONAL INSURANCE COMPANY,
FIRST NATIONAL INSURANCE COMPANY OF
AMERICA, SAFECO INSURANCE COMPANY OF
AMERICA, and SAFECO NATIONAL INSURANCE
COMPANY,

      Defendants.

**MOTION OF LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY PERSONAL INSURANCE COMPANY AND
SAFECO NATIONAL INSURANCE COMPANY TO
<u>DISMISS FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Defendants Liberty Mutual Insurance Company ("LMIC"), Liberty Personal Insurance

Company ("LPIC"), and Safeco National Insurance Company ("SNIC") move the Court to dismiss

all claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.[1]  Plaintiff alleges various causes of action against these Defendants based upon an

insurance policy first issued by First National Insurance Company of America ("First National"),

and later renewed by Safeco Insurance Company of America ("SICA"), the other Defendants in

this case.  But none of the moving Defendants had any relationship with Plaintiff.  Therefore,

accepting all well-pleaded allegations of Plaintiff's First Amended Class Action Complaint

("Amended Complaint") as true, Plaintiff lacks standing to bring his claims against the moving

Defendants and, in addition, the Amended Complaint fails to state a claim against them upon which

---

[1] Under D.N.M.LR-Civ. 7.1, concurrence for this Motion was sought, but not obtained, from Plaintiff.

1

relief may be granted.

For these reasons, and those more fully set forth in their Memorandum in Support, Defendants LMIC, LPIC, and SNIC respectfully request the Court grant their motion and dismiss all claims against them.

**<u>MEMORANDUM OF LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY PERSONAL INSURANCE COMPANY, AND SAFECO NATIONAL INSURANCE COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT</u>**

**I.      <u>INTRODUCTION</u>**

On February 16, 2018, Plaintiff Gregory Crutcher filed an alleged class action complaint ("Complaint") against Defendants LMIC, LPIC, SNIC, and SICA in the Second Judicial District Court, County of Bernalillo, New Mexico.  On May 1, 2018, Defendants timely filed a notice of removal, removing the case to this Court. ECF No. 1. Two weeks later, on May 15, 2018, Defendant SICA filed a motion for judgment on the pleadings and to certify a controlling question of law to the New Mexico Supreme Court ("SICA Motion," ECF No. 19).  On June 20, 2018, Plaintiff filed a response to the SICA Motion and a cross-motion to certify a controlling question of law to the Supreme Court of New Mexico. ECF No. 31. The next day, Plaintiff filed his Amended Complaint against LMIC, LPIC, SNIC, SICA, and new Defendant First National. *See* Am. Compl., ECF No. 32.

Like the Complaint, the crux of the Amended Complaint is the alleged denial of the underinsured portion of Plaintiff's uninsured/underinsured ("UM/UIM") coverage under his automobile insurance policy.  Specifically, Plaintiff alleges that the minimum UM/UIM coverage in his motorist insurance policy issued by Defendants is "illusory" because it is subject to an "off-set" by a tortfeasor's liability coverage.  Plaintiff also alleges that Defendants allegedly made misrepresentations and failed to disclose information about the policy and UM/UIM coverage,

2

allegations intertwined with the claimed illusory coverage. Based on these allegations, the Amended Complaint asserts claims for Negligence (Count 1), New Mexico Unfair Trade Practices Act violations ("UPA") (Count 2), New Mexico Unfair Insurance Practices Act violations ("UIPA") (Count 3), Breach of Contract and Claim for Underinsured Motorist Coverage (Count 4), Breach of the Covenant of Good Faith and Fair Dealing (Count 5), Unjust Enrichment (Count 6), and Negligent Misrepresentation (Count 7). The Amended Complaint also requests the following remedial relief: Injunctive Relief (Count 8) and Declaratory Judgment (Count 9).[2]

The Court should dismiss all claims against Defendants LMIC, LPIC, and SNIC. First, Plaintiff does not have standing to bring these claims against LMIC, LPIC, and SNIC because none of these Defendants issued the insurance policy to, or had any relationship with, Plaintiff. Plaintiff's claims, therefore, should be dismissed under Rule 12(b)(1) for lack of standing. Second, Plaintiff fails to state any claim upon which relief may be granted for the same reasons he lacks standing, and the Court, therefore, should dismiss all claims under Rule 12(b)(6) as well.

## II.    FACTS

### A.    Plaintiff's Accident and UM/UIM Coverage Claim.

On June 3, 2017, an "underinsured" driver allegedly struck Plaintiff's vehicle causing Plaintiff bodily injuries in excess of $50,000. Am. Compl. ¶ 30. Plaintiff alleges that "[a]fter the collision, Mr. Crutcher made a claim with the tortfeasor's insurer and received $25,000.00, the full extent of liability coverage from the tortfeasor's insurer." *Id*. at ¶ 36. Plaintiff had maintained $25,000 per person, $50,000 per accident ($25K/$50K) liability limits, the same as the tortfeasor. *Id*. at ¶ 37. In addition to liability coverage, Plaintiff also maintained $25K/$50K UM/UIM

---

[2] The Amended Complaint removes the Fraud and Fraudulent Concealment and Punitive Damages claims brought in the Complaint. *Compare* ECF No. 32 with ECF No. 1, Ex. 1, pp. 24-26.

coverage. *Id*. at ¶ 38.  Plaintiff admits that his $25K/$50K UM/UIM coverage under the effective policy was the maximum amount of UM/UIM coverage he could obtain given his $25K/$50K liability coverage.  Am. Compl. ¶ 16.  Having received less than full compensation for his alleged injuries from the tortfeasor, Plaintiff then "reported the collision to Safeco and . . . made a claim on the underinsured motorist coverage . . . ." *Id*. at ¶ 40. Plaintiff contends that, after he reported the collision, "Safeco denied Mr. Crutcher's claim, because (i) Safeco deducted from the coverage it owed Mr. Crutcher any sums paid by the tortfeasor's insurer and (ii) the tortfeasor's liability coverage limits equaled Mr. Crutcher's underinsured motorist coverage limits." *Id*. at ¶ 45. Plaintiff alleges that "Defendants," therefore, applied the "Schmick offset," an "offset" purportedly described in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092 (1985). *See id*. at ¶¶ 43, 108.

**B.      Plaintiff's Motorist Insurance Policy Was Not Issued by LMIC, LPIC, or SNIC.**

In the Amended Complaint, Plaintiff acknowledges that the insurance policy at issue was never issued or renewed by Defendants LMIC, LPIC, or SNIC.  Instead, Plaintiff alleges that Defendant First National originally issued the policy, and Defendant SICA renewed it. Specifically, Plaintiff alleges that "[i]n 2006, Defendant First National Insurance Company of America issued Mr. Crutcher a motor vehicle insurance policy effective March 17, 2006." *Id*. at ¶ 12.  Two years later, "[o]n March 17, 2008, Defendant Safeco renewed the insurance policy that Defendant First National Insurance Company of America had issued, and Safeco subsequently renewed that policy on September 17, 2008; March 17, 2009; September 17, 2009; March 17, 2010; September 17, 2010, and annually thereafter through the present." *Id*. at ¶ 13. Although the Amended Complaint defines both Defendants SICA and SNIC as "Safeco," the insurance policies attached to the Amended Complaint and the SICA Motion show that SICA, not SNIC, was the

entity that renewed Plaintiff's First National policy from March 17, 2008 to present. *See id.* at Ex. 1; ECF Nos. 19-2–19-6.[3]   Indeed, the policy effective during the time of Plaintiff's loss, Policy No. X5211257, was issued by SICA. Am. Compl. ¶ 14.

Thus, the insurance policy from which all Plaintiff's claims allegedly arise was issued by SICA, a policy originally issued in 2006 by First National.  Defendants LMIC, LPIC, and SNIC did not issue Plaintiff's insurance policy.

### C.       Plaintiff's Allegations of Wrongdoing Against LMIC, LPIC, and SNIC.

Plaintiff's claims are based upon the alleged denial of Plaintiff's insurance claim for UM/UIM coverage. *Id.* at ¶¶ 38-47. Yet Plaintiff alleges that it was "Safeco" that denied his claim. *Id.* at ¶ 45. Although Defendants LMIC, LPIC, and SNIC did not issue the insurance policy at issue or have any relationship with Plaintiff, Plaintiff improperly lumps all Defendants together under the defined term "Defendants" throughout the Amended Complaint. *See e.g.*, *id.* at ¶ 7. And the conduct that Plaintiff attributes to all Defendants cannot plausibly have been committed by Defendants LMIC, LPIC, and SNIC, without more specific allegations.  For example, Plaintiff alleges that:

- Defendants' application and Policy No. X5211257 failed to properly inform Mr. Crutcher about the offset described in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092 (1985) (the *Schmick* offset), and did not meet Mr. Crutcher's reasonable expectations of being properly insured in the event he sustained serious injuries. *Id.* at ¶ 22;

- When Mr. Crutcher purchased automobile coverage online, Defendants did not properly inform him of how underinsured motorist coverage is illusory in the event of a covered occurrence involving an underinsured driver.  *Id.* at ¶ 23;

---

[3] Due to a drafting error, in addition to using the same "Safeco" defined term for two separate entities, the Amended Complaint refers to one of those entities as "Defendant Safeco Insurance Company," but that entity is not a named defendant in this case.  *See* Am. Compl. ¶ 5.  This Motion presumes the Amended Complaint meant "Defendant Safeco Insurance Company of America."

- Defendants failed to properly inform Mr. Crutcher of the extremely limited scenarios in which he would benefit from the purchase of minimum limits underinsured motorist coverage. *Id*. at ¶ 24;

- Defendants failed to properly inform Mr. Crutcher that he would most likely not benefit from paying a premium for minimal underinsured motorist coverage that was equal to the amount of a tortfeasor's liability coverage because, pursuant to the *Schmick* offset, Mr. Crutcher's recovery of underinsured motorist benefits would be offset by the amount of the tortfeasor's liability coverage. Am. Compl. ¶ 25;

- The certified copy of the the [sic] application and renewal policy did not contain clear, unambiguous language regarding the effects of the *Schmick* offset. *Id*. at ¶ 26;

- Defendants failed to properly inform Mr. Crutcher about combined premium costs corresponding to the available levels of coverage and failed to offer Mr. Crutcher a fair opportunity to reconsider the decision to select a higher amount of liability and underinsured coverage or reject such coverage altogether. *Id*. at ¶ 27;

- Defendants' application and application process did not alert Mr. Crutcher, nor make clear to the ordinary and similarly situated insured, the fact that the *Schmick* offset drastically and materially diminished payment of benefits arising from a covered occurrence under the policy for accidents involving underinsured motorists. *Id*. at ¶ 28; and

- Defendants' application did not alert Mr. Crutcher that he would be billed a premium for underinsured motorists coverage on a minimum limits policy, where there was no likelihood of him ever being able to recover the full amount of underinsured motorists coverage for which he was billed and a high likelihood he would be unable to collect any underinsured motorist coverage for which he was charged a premium. *Id*. at ¶ 29.

These allegations are all variations of Plaintiff's theory that somehow Defendants LMIC, LPIC, and SNIC were responsible for SICA's and First National's applications and policies, and that they failed to make disclosures to Plaintiff about those policies concerning New Mexico law and *Schmick*. *Id*. at ¶ 27.[4] Given that Defendants LMIC, LPIC, and SNIC did not issue the insurance policy at issue or have any relationship with Plaintiff, Plaintiff improperly imputes conduct, omissions, and duties upon entities who had nothing to do with Plaintiff or his policy. *Id*. at ¶ 7. Thus, these allegations are not plausible and should not be presumed true.

---

[4] Notably, the Amended Complaint removes the allegations that LMIC, LPIC, and SNIC "marketed" Plaintiff's policy or "denied" Plaintiff's UM/UIM claim.  *Compare* ECF No. 1, Ex. 1, Compl. ¶¶ 4, 75, with ECF No. 32.

## III.    LAW AND ARGUMENT

Under Rule 12(b)(1), a defendant may challenge a plaintiff's standing to sue for lack of subject matter jurisdiction. *See Wilderness Society v. Kane Cty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc). To establish standing, "Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1055 (10th Cir. 1993). When faced with a Rule 12(b)(1) motion to dismiss, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow ... other documents ... to resolve the disputed jurisdictional facts under Rule 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).

Under Rule 12(b)(6), a defendant is entitled to judgment in its favor if, accepting the allegations in Plaintiff's complaint as true, it fails to state a plausible claim for relief. *See Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009). The Court, however, "give[s] no weight to mere legal conclusions or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Graham v. Teller Cty., Colo.*, 632 F. App'x 461, 463 (10th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff must allege facts sufficient to "nudge" his claim "across the line from conceivable to plausible." *Robbins v. State of Okl.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted).

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith,* 561 F.3d at 1098. Courts may "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotation marks omitted). When a plaintiff's claim depends upon a contract,

7

the defendant may attach the contract to the motion to dismiss, and the court may consider the contract part of the pleadings. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (considering a contract attached to a motion to dismiss "in evaluating the plausibility of the [plaintiffs'] claims because it is mentioned in the complaint, it is central to their claims, and its authenticity is not disputed.")  If the contract contradicts the allegations in the accompanying complaint, "such allegations do not overcome contradictory statements in the text of a contract attached to their complaint." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1238 (10th Cir. 2014).

Here, Plaintiff asserts claims against LMIC, LPIC, and SNIC for negligence, UPA violations, UIPA violations, breach of Contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and negligent misrepresentation.  But Plaintiff fails to allege sufficient facts to establish standing to bring those claims or state any plausible claim upon which relief may be granted.

### A.      The Complaint Should Be Dismissed Under Rule 12(b)(1) Because Plaintiff Lacks Standing to Bring Claims Against LMIC, LPIC, and SNIC.

Because Plaintiff cannot establish standing for his claims against LMIC, LPIC, and SNIC, the Court should dismiss all claims against these Defendants under Rule 12(b)(1).

Standing is a "threshold question in every federal case" that determines the "power of the court to entertain the suit." *Sanchez v. Pena*, 17 F.Supp.2d 1235, 1236 (D.N.M. 1998) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).  To establish standing, "[a]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision."  *Babbitt*, 1 F.3d at 1055.

Here, Plaintiff fails to allege that conduct by LMIC, LPIC, or SNIC caused him any injuries that are redressable by a favorable ruling because these Defendants did not issue Plaintiff's insurance policy or maintain any relationship with Plaintiff. *See Willis v. Gov't Emps. Ins. Co.*, No. 13-280 KG/KK, 2016 U.S. Dist. LEXIS 189398, at *6-8 (D.N.M. Feb. 18, 2016) (granting Rule 12(b)(1) motion for lack of standing for claims arising from an insurance policy because plaintiffs could not show that defendant insurer issued the policy or employed the adjustors of plaintiffs' insurance claims); *see also Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 244, 254 (D. Del. 2009) (granting Rule 12(b)(1) motion for lack of standing for claims based on an insurance policy against defendants GEICO Casualty and GEICO General because defendant GEICO Indemnity, rather than those two defendants, issued the insurance policy to plaintiff); *Shin v. Esurance Ins. Co.*, No. C8-5626, 2009 U.S. Dist. LEXIS 21736, *5 (W.D. Wash. Mar. 13, 2009) (dismissing claims against insurance companies related to the plaintiff's insurance company, even where plaintiff alleged the companies employed the same claims adjusting practices, "refus[ing] to embrace the notion that all related companies may be haled into court for the actions of one (or in this case two) of those inter-related, but distinct, companies merely because they have agreed on common practices"); *Herlihy v. Ply-Gem Industries, Inc.*, 752 F.Supp. 1282, 1291 (D. Md. 1990) (dismissing claims against six corporate defendants because plaintiffs failed to demonstrate injury-in-fact and also failed to allege that any plaintiff has been injured by "each and every defendant"); *Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 994-96 (D. Md. 2002) (dismissing claims against defendants who are not alleged to have any relationship to the plaintiffs' particular loans because "[a]bsent a contractual relationship with any of these defendants, the plaintiffs cannot possibly show that their injuries, such as they have suffered, are traceable to the

conduct of any of these defendants; nor can they possibly show that a judicial ruling in their favor would likely redress their injuries.").

This Court's decision in *Willis* is particularly instructive.  In *Willis*, plaintiffs brought claims against several affiliated insurance companies arising from an alleged undervaluing, and a delay in paying, their UM/UIM motorist insurance claims. *Willis*, 2016 U.S. Dist. LEXIS 189398, at *3-4.  Defendant Government Employees Insurance Company ("GEICO") filed a Rule 12(b)(1) motion to dismiss for lack of standing arguing that "its conduct did not cause any injury to Plaintiffs which would be redressable by a favorable ruling because it did not issue Plaintiffs' policy and did not process Plaintiffs' claim." *Id*. at *6.  The claims GEICO moved to dismiss included breach of contract, UPA violations, UIPA violations, and breach of implied covenant of good faith and fair dealing, claims Plaintiff Gregory Crutcher brought in this case. *See* GEICO Mot. to Dismiss, *Willis*, 2013 WL 9808147 (D.N.M. filed Aug. 9, 2013).  The court agreed, granted the Rule 12(b)(1) motion, and dismissed all claims against GEICO. *See Willis*, 2016 U.S. Dist. LEXIS 189398, at *8.  The court granted GEICO's motion because the name of GEICO's affiliate, GEICO General, was on the policy's cover and amendment pages, not GEICO's. *Id*. at *3-4.

As in *Willis*, Plaintiff cannot establish that LMIC, LPIC, or SNIC issued the policy, or had any relationship with Plaintiff.  Plaintiff (incorrectly) alleges that "[b]y issuing the policy in question to Mr. Crutcher and Class Members, the *Defendants* entered into a contract with Mr. Crutcher and Class Members." Am. Compl. ¶ 96 (emphasis added).  But the declarations and policy contract establish that SICA, not LMIC, LPIC, or SNIC, issued Plaintiff's insurance policy in effect at the time of Plaintiff's loss. *See id*. at Exs. 1, 2; SICA Motion, ECF No. 19-6, pp. 1-2. And Plaintiff even contradicts himself on whether all Defendants entered into a contract with Plaintiff by asserting in another section of the Amended Complaint that the effective policy was

10

issued by "Safeco." Am. Compl. ¶ 14. The policy trumps the Amended Complaint's conclusory (and contradictory) allegations that LMIC, LPIC, and SNIC (somehow) all issued the policy. *See Gorsuch, Ltd.*, 771 F.3d at 1238.

Nor does the Amended Complaint plausibly allege that LMIC, LPIC, or SNIC made any misrepresentations to Plaintiff about the SICA policy, or "opened" and adjusted the Plaintiff submitted to SICA. Am. Compl. ¶ 41. Instead, Plaintiff lumps all Defendants together and makes conclusory allegations about their purported conduct. *See e.g. id.* at ¶ 81 ("Defendants misrepresented the terms of the policy sold and provided to Mr. Crutcher . . . and/or failed to disclose material facts reasonably necessary to prevent other statements from being misleading; failed to implement and follow reasonable standards in the sale and provision of insurance; and failed to follow Defendants' own customary practices and procedures.") These bald allegations about "Defendants" are not sufficient to support a plausible inference that LMIC, LPIC, or SNIC made any misrepresentations to Plaintiff about his insurance policy issued by SICA, a different company, or that these Defendants caused Plaintiff any injuries. Nothing in the any of Plaintiff's policies or their declarations pages references LMIC, LPIC, or SNIC at all. *See* SICA Motion, ECF Nos. 19-2–19-6. And it is not plausible that these Defendants provided an application for an insurance policy they did not issue. *See* Am. Compl. ¶ 115.

Because Plaintiff has failed to state plausible allegations that Defendants LMIC, LPIC, or SNIC caused him any injury that a favorable ruling by this Court could redress, Plaintiff lacks standing to bring his claims against these Defendants under Article III of the United States Constitution. Each claim arises out of an insurance policy that Defendants LMIC, LPIC, and SNIC did not issue. Plaintiff does not and cannot plausibly allege that these three Defendants had any role with SICA's policy or Plaintiff's insurance claim. For these reasons, the Court should dismiss

the Complaint against Defendants LMIC, LPIC, and SNIC for lack of standing under Rule 12(b)(1).

**B.      The Complaint Should Be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Against LMIC, LPIC, and SNIC Upon Which Relief May Be Granted.**

Plaintiff fails to state any claim against LMIC, LPIC, and SNIC for the same reasons he lacks standing: these Defendants did not issue the insurance policy to, or have any relationship with, Plaintiff.  For these reasons, the Court should also dismiss Plaintiff's Complaint under Rule 12(b)(6).  Even if the Defendants had issued the policy or had a relationship with Plaintiff, however, the Court should dismiss the Complaint for the same reasons set forth in the motion for to dismiss by SICA and First National, filed contemporaneously with this Motion and incorporated herein by reference.

**1.      Breach of Contract.**

Plaintiff brings a breach-of-contract action against LMIC, LPIC, and SNIC, entities with whom he has no contractual relationship.  Plaintiff's breach-of-contract claim fails as a matter of law.

 "A policy of insurance is a contract between the insurer and the insured."  *Modisette v. Found. Reserve Ins. Co.*, 427 P.2d 21, 25 (N.M. 1967).  "It goes without saying that a contract cannot bind a nonparty."  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).  And "[i]n a claim for a breach of contract, the burden falls on the party bringing the claim to establish that the defendant was a party to the contract."  *Townsend-Johnson v. Rio Rancho Pub. Sch.*, No. CR 10-257 JCH/DHS, 2012 WL 12897892, at *2 (D.N.M. July 26, 2012).  The breach of contract claim fails because LMIC, LPIC, and SNIC did not issue the policy.

It is clear from the face of the effective insurance policy that it was issued by SICA, not LMIC, LPIC, or SNIC.  *See* Am. Compl., ECF No. 32-1 at p. 23.  Although Plaintiff alleges that

"[b]y issuing the policy in question to the Mr. Crutcher . . . the Defendants entered into a contract with Mr. Crutcher" (Am. Compl. ¶ 96), this conclusory allegation should not be presumed true. *See Gorsuch, Ltd.*, 771 F.3d at 1238.  To the contrary, the declarations in the effective policy indicate that they are "Safeco Insurance Company of America Automobile Policy Declarations." *See* Am Compl., ECF No. 32-1 at p. 23.  The policy contract indicates that it is "Safeco Insurance Company of America['s]."  *Id.* at p. 27. And the policy contract's definitions section states that "'we,' 'us,' and 'our' refer to the Company, as shown in the Declarations providing this insurance," meaning SICA. *Id.* at p. 29.  The policy does not reference or mention Defendants LMIC, LPIC, or SNIC.  The Court should, therefore, dismiss Plaintiff's breach of contract claim. *See Townsend-Johnson*, 2012 WL 12897892, at *3 (granting Rule 12(b)(6) motion to dismiss breach of contract claim against defendants because the contract attached to the motion "makes no reference to the individual Defendants."); *Sedillo Elec. v. Colorado Cas. Ins. Co.*, No. 1:15-CV-01172 RB/WPL, 2016 WL 7437151, at *4 (D.N.M. Apr. 21, 2016) (granting Rule 12(b)(6) motion to dismiss breach of contract because "the Policy establishes that [defendant] did not issue the Policy and is not a party to the contract.")

### 2.     Negligence and Negligent Misrepresentation.

Plaintiff fails to state a claim for negligence and negligent misrepresentation against Defendants LMIC, LPIC, and SNIC.  "Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based on a standard of reasonable care, and the breach being a cause-in-fact and proximate cause of the plaintiff's damages." *Coffey v. United States*, 870 F. Supp. 2d 1202, 1225 (D.N.M. 2012).  Plaintiff alleges that "Defendants had a duty to ensure that Mr. Crutcher and Class Members would be offered and obtain the maximum benefit of underinsured coverage and would not be sold illusory underinsured coverage."  Am. Compl. ¶ 64. This duty is based on the allegation that "[a] reasonably prudent

13

insurance company exercising ordinary care would offer and sell underinsured coverage that was not illusory and would not materially misrepresent the terms of underinsured coverage . . . ." Am. Compl. ¶ 67. In addition, to support his negligent misrepresentation claim, Plaintiff alleges that "[f]rom 1985 through the present, Defendants failed to disclose material facts and made material misrepresentations to Mr. Crutcher and Class Members regarding illusory underinsured motorist coverage." *Id.* at ¶ 114. Plaintiff alleges that "Defendants, by their failures and omissions, misrepresented underinsured motorist coverage through their standard and uniform applications and policies used by Mr. Crutcher . . . ." *Id.* at ¶ 115.

But Defendants LMIC, LPIC, and SNIC did not issue, and are not mentioned in, the policy SICA issued to Plaintiff.  Plaintiff does not and cannot plausibly allege that these Defendants made *any* representations to Plaintiff, in an application, policy, or otherwise, or had any relationship with Plaintiff.  Thus, the Court should dismiss Plaintiff's negligence claim under Rule 12(b)(6).  *See e.g.*, *Lackey v. Homesite Ins. Co.*, No. 12-902 LH/RHS, 2013 WL 12136585, at *3 (D.N.M. July 15, 2013) (granting Rule 12(c) motion to dismiss negligence claim arising from an insurance policy.)

### 3.      New Mexico Unfair Trade Practices Act Violations.

Plaintiff fails to state a UPA claim against LMIC, LPIC, and SNIC.

"There are three essential elements to a UPA claim: (1) a false or misleading oral or written statement/representation; (2) made knowingly in connection with the sale of goods or services in the regular course of a defendant's business; and (3) that was of the type that may, tends to, or does deceive or mislead any person." *Casados v. Safeco Ins. Co. of Am.*, No. CIV 10-751 JAP/SMV, 2014 U.S. Dist. LEXIS 187498, at *13 (D.N.M. Mar. 5, 2014).  Plaintiff alleges that:

> Defendants failed to deliver the quality or quantity of services applied for and purchased and paid for by Mr. Crutcher and other insureds by failing to provide insurance applications and policies containing sufficient information to properly

inform a reasonably prudent person charged with the task of purchasing underinsured insurance, to which Mr. Crutcher was under the reasonable belief that such coverage existed, and to pay claims for insurance benefits sold and solicited by Defendants.

Am. Compl. ¶ 72.

But Defendants LMIC, LPIC, and SNIC did not issue, and are not mentioned in, the policy SICA issued to Plaintiff.  And Plaintiff does not plausibly allege that these Defendants opened, adjusted, or handled his claim on SICA's behalf.  These Defendants, therefore, cannot be liable for "failing to provide insurance applications and policies containing sufficient information" or for failing "to pay claims for insurance benefits sold and solicited."  *Id*. at ¶ 72. The Court should dismiss Plaintiff's UPA claim.  *See e.g.*, *Casados*, 2014 U.S. Dist. LEXIS 187498, at *8 (granting Rule 12(b)(6) motion to dismiss UPA claim because plaintiff "fail[ed] to identify any specific false or misleading representations by [defendants] with respect to her automobile policies and fail[ed] to allege that [defendants] knowingly made misrepresentations or material omissions.")

### 4.     Unfair Insurance Practices Act Violations.

Plaintiff fails to state a UIPA claim against Defendants LMIC, LPIC, and SNIC.  The UIPA was enacted "to regulate trade practices in the insurance business and related businesses," including "practices in [New Mexico] which constitute unfair methods of competition or unfair or deceptive acts or practices."  *Coll v. First Am. Title Ins. Co.,* 642 F.3d 876, 901 (10th Cir. 2011).  Plaintiff claims that "Defendants" violated the UIPA through conduct prohibited by multiple parts of the statute, including: (1) "Defendants failed to exercise good faith, unreasonably delayed payment, and failed to give the interests of Mr. Crutcher and of Class Members the same consideration it gave their own interests," (Am Compl. ¶ 79); (2) "Defendants' failure to pay anything on Mr. Crutcher's and Class Members' first $25,000.00 level of underinsured motorist claims was unfounded, unreasonable, and in bad faith," (*id*. at ¶ 80); and (3) Defendants

15

misrepresented the terms of the policy sold and provided to Mr. Crutcher . . ., and/or failed to disclose material facts reasonably necessary to prevent other statements from being misleading; failed to implement and follow reasonable standards in the sale and provision of insurance; and failed to follow Defendants' own customary practices and procedures," (Am. Compl. ¶ 81).  But Plaintiff provides no specifics about how LMIC, LPIC, or SNIC violated the UIPA, especially given that his vague allegations about "Defendants" issuing the policy and failing to pay Plaintiff's claim should not be presumed true.  Indeed, given their lack of relationship with Plaintiff, they cannot have done so.

### 5.    Breach of the Covenant of Good Faith and Fair Dealing.

Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing against LMIC, LPIC, and SNIC.

When no contract exists between a plaintiff and defendant, no claim for the breach of the covenant of good faith and faith dealing lies.  *Sims v. First Am. Prop. & Cas. Ins. Co.*, No. 1:16-CV-00870-WJ-KBM, 2017 U.S. Dist. LEXIS 9767, at *10 (D.N.M. Jan. 20, 2017) ("In the absence of a contractual relationship between Plaintiff and these individual Defendants, there can be no implied covenant of good faith and fair dealing and thus no action for bad faith against either of them."); *see also Sanders v. FedEx Ground Packaging Sys., Inc.*, 188 P.3d 1200, 1203 (N.M. 2008) (affirming that contracts impose the duty of good faith and fair dealing).  Because the SICA policy establishes a contract between Plaintiff and SICA, and not LMIC, LPIC, or SNIC, the claim for breach of the covenant of good faith and fair dealing fails against these Defendants.

### 6.    Unjust Enrichment.

Plaintiff fails to state a claim for unjust enrichment against LMIC, LPIC, and SNIC.

To bring a claim for unjust enrichment, Plaintiff must show "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain

16

the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 699 (N.M. Ct. App. 2000). Plaintiff alleges that "Defendants should be ordered to disgorge themselves of the value of the underinsured motorist benefits, UIM premiums and out-of-pocket expenses along with the decades of Defendants' unjust enrichment activity and profit." Am. Compl. ¶ 109. First, under New Mexico law, no "UIM premium" or "underinsured motorist benefits" exist, only those for a single UM/UIM coverage. *See* NMSA § 66-5-301. Second, the SICA policy shows that LMIC, LPIC, and SNIC did not receive or retain any benefit from Plaintiff—instead, the UM/UIM coverage premium was paid to SICA. *Id.* at ECF No. 32-1, p. 23. And even the Amended Complaint concedes that Plaintiff paid his UM/UIM premium to "Safeco," not LMIC, LPIC, or SNIC. *See* Am. Compl. ¶ 17. For this reason, the Court should dismiss Plaintiff's unjust enrichment claim against LMIC, LPIC, and SNIC.

## C.      **Plaintiff Is Not Entitled to Injunctive Relief Against LMIC, LPIC, or SNIC.**

Plaintiff is not entitled to injunctive relief against LMIC, LPIC, or SNIC. "Injunctions are harsh and drastic remedies which should issue only . . . where there is a showing of irreparable injury for which there is no adequate and complete remedy at law." *Padilla v. Lawrence*, 685 P.2d 964, 970 (N.M. Ct. App. 1984). Injunctions are a form of relief, not an independent cause of action, as stylized in the Amended Complaint. *See e.g.*, *Masoner v. Mortgage Elec. Registration Sys.*, No. 3:11-CV-0233-LRH-VPC, 2011 U.S. Dist. LEXIS 59653, at *5 (D. Nev. June 3, 2011) ("Claims for injunctive or declaratory relief are remedies that may be afforded to a party after she has sufficiently established and proven her claims; they are not separate causes of action.") Plaintiff is not entitled to injunctive relief because she cannot allege irreparable harm caused by LMIC, LPIC, or SNIC. The Amended Complaint alleges that "Defendants must be compelled to stop their practice of failing to provide underinsured motorist coverage benefits . . . ." Am. Compl. ¶ 120. LMIC, LPIC, and SNIC did not issue the policy and caused no harm to Plaintiff, let alone

17

irreparable harm.   No injunctive relief could prevent these Defendants from causing harm to Plaintiff or others by denying coverage under policies they did not issue or handle.

## IV.    CONCLUSION

For the reasons set forth above, the Court should grant the joint motion to dismiss of LMIC, LPIC, and SNIC.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen
MEENA H. ALLEN
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400

/s/ Rodger L. Eckelberry
RODGER ECKELBERRY
BAKER &HOSTETLER LLP
200 Civic Center Drive
Suite 1200
Columbus, Ohio 43215-4138
(614) 228-1541

*Attorneys for Defendants Liberty Mutual Insurance Company, Liberty Personal Insurance Company, First National Insurance Company of America, and Safeco National Insurance Company*

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kedar Bhasker
1400 Central Ave. SW, Suite 2000
Albuquerque, NM 87106

Corbin Hildebrandt
1400 Central Ave., SE, Suite 2000
Albuquerque, NM 87106

David A. Freedman
Jeremy D. Farris
20 First Plaza, Suite 700
P.O. Box 25326
Albuquerque, NM 87125

Geoffrey R. Romero
4801 All Saints Rd NW #A
Albuquerque, NM 87120


/s/ Meena H. Allen
Meena H. Allen