**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GREGORY CRUTCHER, individually and on
behalf of other similarly situated individuals,

      Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY PERSONAL
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA,
FIRST NATIONAL INSURANCE
COMPANY OF AMERICA, and SAFECO
NATIONAL INSURANCE COMPANY,

      Defendants.

Civil No. 1:18-cv-00412-JCH-KBM

**PLAINTIFF'S MOTION TO STAY DEFENDANTS' MOTIONS TO DISMISS PENDING
THE PARTIES' CROSS-MOTIONS TO CERTIFY A CONTROLLING QUESTION OF
LAW TO THE NEW MEXICO SUPREME COURT[1]**

Plaintiff, Gregory Crutcher respectfully moves the Court to stay Defendants' two motions

to dismiss (Docs. 36 and 37) pending the Court's adjudication of the parties' cross-motions to

certify a controlling question of law to the Supreme Court of New Mexico (Docs. 19 and 31).

With the contemporaneous filing of Mr. Crutcher's Reply in Support of his Cross-Motion to

Certify a Controlling Question of Law to the New Mexico Supreme Court, briefing on both

cross-motions to the New Mexico Supreme Court is complete, and those cross-motions are ripe

for the Court's determination.  The parties agree that the Court should certify the controlling

question of law to the New Mexico Supreme Court; they simply disagree about the controlling

question's best articulation.

---

[1] Pursuant to D.N.M.LR-Civ 7.1, Mr. Crutcher in good faith sought the Defendants'
concurrence and has determined that Defendants oppose this motion.

Judicial economy strongly favors a stay of Defendants' motions to dismiss pending the Court's decision whether to certify the controlling question of law (and the New Mexico Supreme Court's resolution of that question).[2]   If the Court certifies a question, then the parties' arguments on the merits of Defendants' dismissal motions and the Court's adjudication of those same motions will be heavily influenced—if not entirely determined—by the New Mexico Supreme Court's answer of the certified question.  The New Mexico Supreme Court's resolution of the controlling question is very likely to resolve most, if not all, of Mr. Crutcher's claims in this litigation.  Accordingly, if the Court were to certify a controlling question to the New Mexico Supreme Court, then judicial economy and common sense warrant a stay of Defendants' motions to dismiss and all other matters in this proceeding.

Other district courts in this district, as well as the Tenth Circuit, have taken a similar approach to staying proceedings pending certification-related decisions.  *See, e.g.*, *Malott v. New Mexico Educ. Ret. Bd.*, 2014 WL 12798352, at *12 (D.N.M. Jan. 27, 2014) (Vázquez, J.) ("The Court therefore concludes that, on the facts before the Court, a stay of all matters in this proceeding is appropriate pending the Supreme Court of New Mexico's decision to reject or answer the question certified.") *Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1177 (D.N.M. 2013) (Hansen, J.) ("If a party supports certification, the Court requests the party to submit a proposed question of law to be answered by the New Mexico Supreme Court and a rendition of the facts from the Amended Complaint that are relevant to the proposed question to be certified. . . .  The Court will therefore stay its ruling on whether Plaintiffs have standing to pursue a claim under the NMUPA and on the merits of certification until after considering the

---

[2]Already in this litigation the Court has indicated its willingness to streamline these proceedings: The Court originally stayed proceedings related to Defendants' motion for judgment on the pleadings until the Court adjudicated a motion to remand.  (Doc. 25). Defendants' Amended Notice of Removal (Doc. 26) obviated a remand.

parties' supplemental briefs."); *see also Steadfast Ins. Co. v. Agric. Ins. Co.*, 475 F. App'x 683, 690 (10th Cir. 2012), *certified question answered, Steadfast Ins. Co. v. Agric. Ins. Co.*, 2013 OK 63, 304 P.3d 747 ("Pursuant to Tenth Circuit Rule 27.1(A)(2), we stay this appeal pending the Oklahoma Supreme Court's consideration of this certification request and, if the request is accepted, pending the Oklahoma Supreme Court's resolution of the certified question.") (citation omitted); *cf. also LaFever v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3300670, at *1–*2 (W.D. Okla. Aug. 1, 2011) (holding "this case is stayed pending the final conclusion of the underlying state court litigation" where the "state court appeal that may decide the question of insurance coverage for injuries suffered by a nonparty").

## CONCLUSION

Accordingly, in the interests of judicial economy, the Court should stay Defendants' motions to dismiss until it adjudicates the cross-motions for certification of a controlling question of law to the New Mexico Supreme Court  and, upon certification, until the New Mexico Supreme Court answers the certified question.

Respectfully submitted,

/s/ *Jeremy D. Farris*
David A. Freedman
Jeremy D. Farris
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.
20 First Plaza Center NW, Suite 700
Albuquerque, NM 87102
P: (505) 842-9960
daf@fdblaw.com
jdf@fbdlaw.com

Kedar Bhasker
BHASKER LAW
1400 Central Ave. SE, Suite 2000
Albuquerque, NM 87106
Phone:  505 720-2113

Fax:  505 998-6628
Kedar@bhaskerlaw.com

Corbin Hilderbrandt
CORBIN HILDEBRANDT P.C.
Attorney for Plaintiff
1400 Central Ave. SE, Suite 2000
Albuquerque, NM 87106
Phone:  505 998-6626
Fax:  505 998-6628
corbin@hildebrandtlawnm.com

Geoffrey R. Romero
LAW OFFICES OF GEOFFREY R.
ROMERO
4801 All Saints Rd NW #A
Albuquerque, NM 87120
Fax: 505 271 1539

*Counsel for the Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2018, I filed the foregoing using

CM/ECF which caused the following parties or counsel to be served by electronic means, as

more fully reflected on the Notice of Electronic Filing:


Meena H Allen
mallen@mallen-law.com

Matthew C. Baisley
mbaisley@bakerlaw.com

Casie Collignon
ccollignon@bakerlaw.com

Rodger Eckelberry
reckelberry@bakerlaw.com


*/s/  Jeremy D. Farris*
Jeremy D. Farris