THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY CRUTCHER, *individually and on*
*behalf of other similarly situated individuals*,

      Plaintiff,

v.                                                                    No. 1:18-cv-00412-JCH-KBM

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY PERSONAL INSURANCE COMPANY,
FIRST NATIONAL INSURANCE COMPANY OF
AMERICA, SAFECO INSURANCE COMPANY
OF AMERICA, and SAFECO NATIONAL INSURANCE
COMPANY,

      Defendants.

## ORDER GRANTING PLAINTIFF'S
## MOTION TO STAY

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay Defendants' Motions to Dismiss pending the Parties' Cross-Motions to Certify a Controlling Question of Law to the New Mexico Supreme Court ("Mot. to Stay"). [Doc. 43] The Court, after considering the motion, briefs, and relevant law, grants the motion.

The Court briefly recaps the salient facts. An at-fault driver t-boned Plaintiff in June 2017, causing Plaintiff to suffer over $50,000 in personal injuries. *See* Amended Class Action Complaint ¶ 30, Doc. 32 ("Am. Compl."). Defendant Safeco Insurance Company of America provided Plaintiff uninsured and underinsured motorist coverage (UM/UIM) of up to $25,000 per person/$50,000 per occurrence – the statutory minimum under New Mexico's UM/UIM statute, N.M.S.A. § 66-5-215(A)(1). *Id.* ¶ 35. Like Plaintiff, the tortfeasor driver carried minimal liability coverage. *Id.* ¶ 37. Plaintiff, after receiving $25,000 from the tortfeasor's insurer, claimed $25,000 in UIM benefits from his own insurer, Safeco. *Id.* ¶ 40. Safeco, however,

reduced or "offset" from the $25,000 UIM coverage the $25,000 Plaintiff received from the tortfeasor's insurer, meaning Plaintiff recovered nothing from Safeco. *Id.* ¶¶ 44-46. Plaintiff's Amended Complaint seeks class action certification for persons like Plaintiff who regularly paid premiums for UIM coverage but who find themselves receiving no such coverage at all. *Id.* ¶¶ 48-50. Insurers like Safeco sell "illusory" UIM coverage, Plaintiff says, and have failed to meaningfully explain to policyholders how an offset of the sort Safeco used works to cancel UIM benefits that policyholders expect to receive. *Id.* at 4; ¶¶ 22-25.

After removal, Defendants[1] moved this Court for judgment on the pleadings under Fed. R. Civ. P. 12(c) and for certification to the New Mexico Supreme Court under Rule 12-607(A) NMRA of the following question: "Whether UM/UIM coverage sold in New Mexico at state-minimum coverage levels of [$25K/50K] contains illusory underinsured motorist coverage[?]" Safeco's Mot. to Certify  23, Doc. 19. Defendant Safeco asked the Court to "stay ruling upon its motion for judgment on the pleadings pending a decision by [the New Mexico Supreme Court]." *See* Safeco's Mot. to Certify  at 27. Plaintiff amended his complaint, contending that his amended complaint mooted Defendants' 12(c) motion.[2] *See* Pl.'s Resp. to Safeco's Mot. to Certify 1 n.1, Doc. 31. Plaintiff also cross-moved for certification to the New Mexico Supreme Court, articulating a different question for certification. *Id.* at 2. The parties completed briefing on their cross-motions, and those motions await this Court's decision.

---

[1] On July 31, 2018 Plaintiff voluntarily dismissed without prejudice claims against Liberty Mutual Insurance Company, Liberty Personal Insurance Company, and Safeco National Insurance Company. *See* Pl.'s Stipulated Mot. to Dismiss, Doc. 47. Thus, two Defendants remain in this litigation – Safeco Insurance Company of America and First National Insurance Company of America.

[2] Safeco appears to agree that Plaintiff's amended complaint mooted its 12(c) motion, since its Reply brief is directed entirely at the issue of certification. The Court does not ignore that the 12(c) motion and the certification motions have significant overlap, but Safeco does not challenge Plaintiff's assertion that his amended complaint mooted its 12(c) motion.

On July 16, 2018, Defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's amended complaint.[3] *See* Defs.' Mot. to Dismiss, Doc. 36. Defendants' 12(b) motion largely rehashes the same legal arguments made in the 12(c) motion. Plaintiff moved to stay the briefing schedule on the 12(b) motion, arguing that the Court should decide first and foremost the cross-motions to certify without addressing the motion to dismiss because the New Mexico Supreme Court's decision is "very likely to resolve most, if not all, of [Plaintiff's] claims in this litigation." *See* Mot. to Stay at 2. Defendants oppose the stay. *See* Defs.' Resp. to Mot. to Stay, Doc. 46. They contend that the motion to stay "presents … the burden and expense of continued legal fees and preservation of documents" because once a party is embroiled in litigation it must preserve relevant documents and alter its normal practices in response to a lawsuit. *Id.* at 2. Defendants also contend that the New Mexico Supreme Court may decline to accept the certified question, thereby creating delay in this Court.

However, in its original 12(c) motion and motion to certify, Safeco urged this Court to stay its ruling on its dismissal motion. Additionally, in its Reply brief in support of its certification motion, Safeco stated that "both sides believe certification of a controlling question is appropriate," and noted that certification is proper where an answer to the certified question "will either dispose of the entire case or of a pivotal issue that defines the future of the case." Safeco's Reply 1-2, Doc. 38. Thus, even though Safeco and First National now oppose a stay of briefing and ruling on their motion to dismiss, they have elsewhere indicated that a stay is appropriate and have noted the significance of a ruling by the New Mexico Supreme Court. If an

---

[3] Defendants Liberty Mutual Insurance Company, Liberty Personal Insurance Company, and Safeco National Insurance Company separately and additionally moved for dismissal under Rule 12(b)(1), challenging Plaintiff's standing to pursue claims against those Defendants. *See* Doc. 37. However, as noted in Footnote 1, Plaintiff voluntarily dismissed claims against those Defendants two weeks after they filed their motions to dismiss. The Court therefore terminated those Defendants' motion to dismiss. *See* Order Granting Pl.'s Stipulated Mot., Doc. 50.

answer from that court will dispose of this federal litigation or define its future course, then this Court benefits from its answer. Accordingly, the Court hereby stays briefing on Defendants' motion to dismiss, Doc. 36, until the New Mexico Supreme Court provides an answer, if any, to the parties' certified question.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stay Defendants' Motions to Dismiss pending the Parties' Cross-Motions to Certify a Controlling Question of Law to the New Mexico Supreme Court **[Doc. 43]** is **GRANTED**.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE