## `IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GREGORY CRUTCHER, individually and on
behalf of other similarly situated individuals,

    Plaintiff,

v.                                                                              No. 1:18-cv-00412-JCH-KBM

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY PERSONAL INSURANCE COMPANY,
FIRST NATIONAL INSURANCE COMPANY OF
AMERICA, SAFECO INSURANCE COMPANY
OF AMERICA, and SAFECO NATIONAL INSURANCE
COMPANY,

    Defendants.

### CERTIFICATION ORDER TO THE NEW MEXICO SUPREME COURT

This matter is before the Court on Defendant Safeco Insurance Company of America's[1] Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) and to Certify a Controlling Question of Law to the New Mexico Supreme Court, ECF No. 19; Plaintiff Gregory Crutcher's Cross-Motion to Certify, ECF No. 31; and Mr. Crutcher request for leave to amend his proposed question for certification, ECF No. 35. The Court **GRANTS** Mr. Crutcher's motion to amend and will thus consider his amended proposed question in the certification analysis. The Court also **GRANTS** the parties' cross-motions to certify a controlling question of law to the New Mexico Supreme Court, but **RESERVES RULING** on Safeco's 12(c) motion until that court provides an answer on the certified question.

---

[1] Of the Defendants, only Safeco Insurance Company of America moves for an order of certification. In fact, under Fed. R. Civ.. P. 41(a)(1)(A)(ii) Plaintiff voluntarily dismissed all claims against Defendants Liberty Mutual Insurance Company, Liberty Personal Insurance Company, and Safeco National Insurance Company. Thus, the only remaining defendants in this case are Safeco Insurance Company of America and First National Insurance Company of America.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Under New Mexico Rule of Appellate Procedure 12-607(C)(3), the Court presents the "facts relevant to the question, showing fully the nature of the controversy out of which the question arose." Unless otherwise noted, the following facts taken from Mr. Crutcher's Motion to Certify are undisputed. In 2006, Defendant First National Insurance Company of America issued Mr. Crutcher an auto insurance policy. The policy transferred to Safeco two years later, and Safeco has insured Mr. Crutcher's car ever since. The policy provided liability coverage of up to $25,000 per person/$50,000 per occurrence – the statutory minimum under New Mexico's financial responsibility laws. *See* N.M. Stat. Ann. § 66-5-215(A)(1). Given Mr. Crutcher's election of the minimum liability limits, Mr. Crutcher's coverage limit for uninsured/underinsured insurance (UM/UIM) was also $25,000 per person/$50,000 per occurrence as set forth in N.M. Stat. Ann. § 66-5-301.

In June 2017, an at-fault driver t-boned Mr. Crutcher in Albuquerque, New Mexico, leaving him with over $50,000 in personal injuries. Like Mr. Crutcher, the tortfeasor driver carried minimal liability coverage. Mr. Crutcher, after receiving $25,000 from the tortfeasor's insurer, USAA, claimed $25,000 in UIM benefits from his own insurer, Safeco. Mr. Crutcher contends that Safeco reduced or "offset" from the $25,000 UIM coverage the $25,000 he received from the tortfeasor's insurer, meaning Mr. Crutcher recovered nothing from Safeco. Mr. Crutcher believes that Safeco's underinsured coverage offset practice is traceable to the New Mexico Supreme Court's decision in *Schmick v. State Farm Mutual Automobile Insurance Company*, 1985-NMSC-073, 103 N.M. 216, 704 P.2d 1092, which described when an insured can collect underinsurance payments from his carrier under New Mexico's statutory offset in N.M. Stat. Ann. § 66-5-301(B). *See Schmick*, 1985-NMSC-073 at ¶ 24 (stating that "an insured

collects from his underinsured motorist carrier the difference between his uninsured motorist coverage and the tortfeasor's liability coverage or the difference between his damages and the tortfeasor's liability coverage, whichever is less.").

According to Safeco, however, it did not set-off UIM coverage from the amount Mr. Crutcher received from USAA; rather, it denied out-right Mr. Crutcher's claim for UIM benefits because the tortfeasor driver was not an "underinsured motorist" under New Mexico's UM/UIM statute. That statute defines an underinsured motorist as one whose liability limits are "less than the limits of liability under the insured's uninsured motorist coverage." N.M. Stat. Ann. § 66-5-301(B). Safeco concluded Mr. Crutcher's UM coverage equaled the tortfeasor's liability coverage – that is, the difference between Mr. Crutcher's UM coverage and the tortfeasor's liability coverage was zero – and therefore denied the claim.

Mr. Crutcher filed a complaint in New Mexico state court seeking class action certification for persons like Mr. Crutcher who regularly paid premiums for UIM coverage but who find themselves receiving no such coverage at all. Mr. Crutcher alleged that Defendants have failed to meaningfully explain to policyholders how an offset of the sort Safeco used works to cancel UIM benefits that policyholders expect to receive. The complaint alleges that insurers like Safeco sell "illusory" UIM coverage in the sense that UIM premiums sold on minimum limits policies are valueless if the policyholder is in an accident with a tortfeasor who carries liability coverage equal to the policyholder's UM coverage. Mr. Crutcher's complaint alleges that Defendants are liable on seven counts under New Mexico common law and various consumer protection statutes: negligence (Count I); violation of New Mexico's Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-2 to 58-12-10 (Count II); violation of New Mexico's Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1 to -30 (Count III); breach of

contract and a claim for underinsured motorist coverage (Count IV); breach of the covenant of good faith and fair dealing (Count V); unjust enrichment (Count VI); and negligent misrepresentation (Count VII). Mr. Crutcher's complaint alleges that insurers had a duty under these statutes and New Mexico common law to provide UIM coverage for the premiums they charged and violated that duty; that insurers engaged in deceptive trade practices by not fully informing insureds of the consequences of offsetting; and that insurers in bad-faith failed to pay UIM benefits and breached numerous insurance contracts.

Mr. Crutcher asserts that his lawsuit is properly maintainable as a class action under Federal Rule of Civil Procedure 23 and proffers a class definition as follows:

> All persons (and their heirs, executors, administrators, successors, and assigns) who paid a premium for an underinsured motorist coverage on a policy that was issued or renewed in New Mexico by Defendants and that purported to provide the statutorily required UM/UIM minimum limits of $25,000 per person/$50,000 per accident, but which effectively provides no underinsured motorist coverage, because of the statutory offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092 (1985).

Mr. Crutcher also proffers definitions for two sub-classes within the putative class, the distinction between the two resting on whether the insured suffered damages exceeding the tortfeasor's liability.

## II.   STANDARDS FOR CERTIFICATION

After removal to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), Safeco and Mr. Crutcher cross-moved for certification to the New Mexico Supreme Court under Rule 12-607(A) NMRA on the issue of whether UIM coverage at the minimum level is illusory. Under New Mexico law, the New Mexico Supreme Court is empowered to answer a question certified to it by a federal court in a case "in which there is no dispute over the factual predicates to the Court's determination of the questions certified, and [its] answer either disposes of the

entire case or controversy." *Schlieter v. Carlos*, 1989-NMSC-037, ¶ 5, 108 N.M. 507, 508, 775 P.2d 709, 710. The New Mexico Supreme Court also accepts certified questions that are "of such substantial public interest that it should be determined by" that court, and considers "the prospects for judicial economy in the termination of litigation." *Id.* ¶ 15 (citing *Amoco Prod. Co. v. Action Well Serv., Inc.,* 1988-NMSC-040, ¶ 13, 107 N.M. 208, 755 P.2d 5 for the proposition that "federal courts are encouraged to certify novel questions when this will avoid unnecessarily protracted litigation.").

### III.   DISCUSSION

Safeco states that certifying a question to the New Mexico Supreme Court "will either dispose of the entire case or of a pivotal issue that defines the future of the case," and Mr. Crutcher likewise says that an answer from that court is "very likely to resolve most, if not all, of [Plaintiff's] claims in this litigation." There are additional good reasons for certification.

First, an answer from that court would resolve whether the portion of a premium allocated to the underinsured portion, as distinct from uninsured portion, is illusory when sold at minimum limits. Safeco says there is no such distinction. Insurers must offer UM/UIM as a combined coverage with a single premium. There is no separate unit of UIM premium giving rise to separate coverage on a minimum limits policy, Safeco says, and that the UIM portion of the combined UM/UIM coverage will not be payed on a minimum limits UM/UIM policy does not render it illusory. However, in the New Mexico Supreme Court's most authoritative guidance on the issue, *Progressive Northwester Insurance Co. v. Weed Warrior Services,* 2010-NMSC-050, ¶¶ 10-11, 149 N.M. 157, 245 P.3d 1209 the court drew a distinction between the coverage provided by the underinsured versus the uninsured portions of a policy and recognized that insurers must offer the maximum amount of UM/UIM coverage (*i.e.* equal to the liability limits

of the policy) to an insured because at minimum limits an insured does not carry UIM coverage.

The court explained that:

> In the Mandatory Financial Responsibility Act, the Legislature determined that $25,000 insurance coverage for injury or death per accident is an adequate amount of coverage. *See* § 66–5–215(A)(1). Section 66–5–301(A) requires that same amount of coverage for UM coverage. Read together, an uninsured motorist is one who does not carry the statutory minimum for liability coverage, or $25,000, and injury caused by such a driver would be covered by the injured individual's UM coverage. Section 66–5–301(B) defines UIM coverage as part of UM coverage. If the tortfeasor carried the statutory minimum of liability insurance and the injured driver carried the statutory minimum of UM/UIM coverage, the injured driver would have no recourse for injuries suffered over the minimum amount of $25,000. The injured driver, though in theory having purchased UIM coverage, would in fact have purchased only UM coverage—rendering the inclusion of "UIM" in the statute superfluous … <u>An insured carries UIM coverage only if the UM/UIM limits on her or his policy are greater than the statutory minimum of $25,000</u>.

*Id.* at ¶ 10 (emphasis added).

Thus, the court recognized that an insured carrying underinsured coverage with limits of liability equal to the $25,000 minimum liability required by New Mexico's financial responsibility act will be protected either by the tortfeasor's insurance or by the mandatory UM law. Despite this holding, the court did not explicitly hold that an insured's contract for UM/UIM provides the illusion of UIM coverage when sold at minimum limits. Nor did the court consider Mr. Crutcher's specific contention that what makes minimal-limits UM/UIM coverage illusory is not § 66-5-301 itself, but rather insurers' practice of offsetting an insured's minimum limits UM/UIM coverage by a minimally insured tortfeasor's liability coverage under *Schmick*. Consequently, under *Weed Warrior*, insurers' liability, if any, for selling allegedly illusory minimum limits UM/UIM policies when equal to the level of liability under New Mexico's financial responsibility law is an open question. Mr. Crutcher's analysis of New Mexico appellate case law following *Weed Warrior* likewise tends to show that no New Mexico

appellate opinion has answered these questions.[2] A common refrain of Mr. Crutcher's class action complaint is that the UPA, UIPA and New Mexico's common law imposed duties on insurers not to provision illusory insurance contracts. An answer from the New Mexico Supreme Court on whether a minimum limits UM/UIM policy covering an insured in an accident with a minimally insured tortfeasor is legally illusory would provide a determinative framework for deciding Mr. Crutcher's class action allegations.

There is another good reason for certification: in the background of this case are some four other federal cases like it pending in this Court. *See Schwartz v. State Farm Auto Ins. Co.*, No. 1:18-cv-00328-WJ-SCY (filed Apr. 6, 2018); *Thaxton v. Gov't Emps. Ins. Co.*, 1:18-cv-00306-MV-KK (filed Apr. 2, 2018); *Bhasker v. Kemper Cas. Ins. Co.*, 1:17-cv-00260-JB-JHR (filed Feb. 24, 2017); *Apodaca v. Young Am. Ins. Co.*, No. 1:18-cv-0399-RB-JHR (filed Feb. 19, 2018). According to Safeco, these federal cases have been filed in the wake of this Court's decision in *Bhasker*. In *Bhasker*, the Court made an *Eerie* judgment that under New Mexico law Ms. Bhasker plausibly alleged that an insurer sold her illusory UIM coverage when it sold her UM/UIM coverage at the minimum level. Like Mr. Crutcher, Ms. Bhasker was injured in a collision with a tortfeasor carrying minimum liability coverage. Examining the language in *Weed Warrior* highlighted above, the Court held that Ms. Bhasker's class action complaint stated a plausible claim for relief for under the UPA, UIPA, and New Mexico's common law for provision of illusory insurance contracts. Following that ruling each of the federal cases have been filed as putative class actions against insurers asserting claims for selling allegedly illusory UIM coverage. These lawsuits prompted both parties to move for certification to the New

---

[2] *See* Pl.'s Mot. to Certify at 9-10 & n.4 (citing *State Farm Mut. Auto Ins. Co. v. Safeco Ins. Co., et al.,* 2013-NMSC-006, 298 P.3d 452; *Farmers Ins. Co. of Ariz. v. Sandoval, et. al.,* 2011-NMCA-051, 149 N.M. 654, 253 P.3d 944; *Gulbransen v. Progressive Halcyon Ins. Co, et al.,* 2010-NMCA-082, 148 N.M. 585, 241 P.3d 183.)

Mexico Supreme Court, noting that the legal issue is one of substantial public interest. The Court believes that authoritative guidance from New Mexico Supreme Court would not only provide a rule of decision for uniformly deciding the pending federal cases, but would also allow the State's high court to have its say on the matter.

**IV.     QUESTION FOR CERTIFICATION**

Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

Pursuant to NMRA 12-607(C)(4), this Court acknowledges that the New Mexico Supreme Court has discretion to accept or reject this certification, and to reformulate the question presented. Under NMRA 12-607(C)(1) the names and addresses of counsel of record are as follows:

On behalf of Plaintiff:

> David A. Freedman
> Freedman Boyd Hollander Goldberg Urias & Ward P.A.
> 20 First Plaza, Suite 700
> Albuquerque, NM 87102
> 505-842-9960
> Fax: 505-842-0761
> Email: daf@fbdlaw.com
>
> Kedar Bhasker
> 1400 Central Avenue SE
> Suite 2000
> Albuquerque, NM 87106
> 505-720-2113
> Email: kedar@bhaskerlaw.com
>
> Corbin Hildebrandt
> Corbin Hildebrandt, P.C.
> Sycamore Square, Suite 2000

    1400 Central Ave. S.E.
    Albuquerque, NM 87106
    (505) 998-6626
    Email: corbin@hildebrandtlawnm.com

    Geoffrey R Romero
    Law Offices of Geoffrey R. Romero
    4801 All Saints Road, NW
    Albuquerque, NM 87120
    505-247-3338
    Email: geoff_26_@hotmail.com

    Jeremy Daniel Farris
    Freedman Boyd Hollander Goldberg Urias & Ward PA
    Twenty-First Plaza
    Suite 700
    Albuquerque, NM 87102
    505-842-9960
    Email: jdf@fbdlaw.com

On behalf of Defendants:

    Meena H Allen
    Allen Law Firm, LLC
    6121 Indian School Rd. NE, Suite 230
    Albuquerque, NM 87110
    (505) 298-9400
    Email: mallen@mallen-law.com

    Brian R. Noethlich
    Baker & Hostetler, LLP
    200 Civic Center Dr.
    Suite 1200
    Columbus, OH 43215-4138
    614-642-2632
    Fax: 614-462-2616
    Email: bnoethlich@bakerlaw.com

    Casie Collignon
    Baker & Hostetler, LLP
    303 E. Seventeenth Ave
    Suite 1100
    Denver, CO 80203
    303-861-0600
    Fax: 303-861-7805
    Email: ccollignon@bakerlaw.com

>Matthew C. Baisley
>Baker & Hostetler, LLP
>1801 California Street
>Suite 4400
>Denver, CO 80202-2662
>303-764-4056
>Fax: 303-861-7805
>Email: mbaisley@bakerlaw.com
>
>Rodger Eckelberry
>Baker & Hostetler, LLP
>200 Civic Center Dr.
>Suite 1200
>Columbus, OH 43215-4138
>614-228-1541
>Fax: 614-462-2616
>Email: reckelberry@bakerlaw.com

**WHEREFORE**, the Court **GRANTS** Plaintiff Gregory Crutcher's Cross-Motion to Certify **[ECF No. 31]** and Motion for Leave to File an Amended Proposed Question Submitted in the Cross-Motion to Certify **[ECF No. 35]**. The Court further **GRANTS** Defendant Safeco Insurance Company of America's Motion to Certify a Controlling Question of Law to the New Mexico Supreme Court, but **RESERVES RULING** on its Motion for Judgment on the Pleadings **[ECF No. 19]**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall transmit a copy of this Order to the New Mexico Supreme Court.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE