THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY CRUTCHER, *individually and on behalf of other similarly situated individuals*,

    Plaintiff,

v.  No. 1:18-cv-00412-JCH-KBM

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY PERSONAL INSURANCE COMPANY,
FIRST NATIONAL INSURANCE COMPANY OF
AMERICA, SAFECO INSURANCE COMPANY
OF AMERICA, and SAFECO NATIONAL INSURANCE
COMPANY,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY

**THIS MATTER** is before the Court on Defendants' *Motion to Stay* (ECF No. 80).[1] The Court, after considering the motion, briefs, and relevant law, will grant the motion to stay this case until the New Mexico Supreme Court decides the certified question in *Smith v. Interinsurance Exchange of the Automobile Club*, No. S-1-SC-39659, which may be determinative of key issues in this case.

### I.  PROCEDURAL HISTORY

An at-fault driver t-boned Plaintiff in June 2017, causing Plaintiff to suffer over $50,000 in personal injuries. (*See* Amended Class Action Complaint ¶ 30, ECF No. 32 ("Am. Compl.").) Defendant Safeco Insurance Company of America ("Safeco") provided Plaintiff uninsured and underinsured motorist coverage ("UM/UIM") of up to $25,000 per person/$50,000 per occurrence

---

[1] Although the motion was filed on behalf of Defendant Safeco Insurance Company of America, all Defendants agree that a stay is appropriate. (Defs.' Reply 2 n.1, ECF No. 83.)

– the statutory minimum under New Mexico's UM/UIM statute, N.M.S.A. § 66-5-215(A)(1). (*Id.* ¶ 35.) Like Plaintiff, the tortfeasor driver carried minimal liability coverage. (*Id.* ¶ 37.) Plaintiff, after receiving $25,000 from the tortfeasor's insurer, claimed $25,000 in UIM benefits from his own insurer, Safeco. (*Id.* ¶ 40.) Safeco, however, reduced or "offset" from the $25,000 UIM coverage the $25,000 Plaintiff received from the tortfeasor's insurer, meaning Plaintiff recovered nothing from Safeco. (*Id.* ¶¶ 44-46.) This offset was based on *Schmick v. State Farm Mut. Auto. Ins. Co.*, 1985-NMSC-073, 103 N.M. 216 (permitting an insured's UIM coverage to be offset by tortfeasor's liability coverage). Plaintiff's Amended Complaint seeks class action certification for persons like Plaintiff who regularly paid premiums for UIM coverage but who find themselves receiving no such coverage at all. (*See* Am. Compl. ¶¶ 48-50, ECF No. 32.)

This Court previously issued a stay in this case pending a decision on certification by the New Mexico Supreme Court under Rule 12-607(A) NMRA of the following question: "Whether UM/UIM coverage sold in New Mexico at state-minimum coverage levels of [$25K/50K] contains illusory underinsured motorist coverage[?]" (Order 2, 4, ECF No. 52.) On October 4, 2021, the New Mexico Supreme Court issued its opinion, concluding that

> **hereafter**, the insurer shall bear the burden of disclosure to the policyholder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance….
>
> …UM/UIM coverage at the minimum level is permitted because the law not only allows, but requires, it to be sold as was done so here. However, such coverage is illusory because it is misleading to the average policyholder. As such **we will now require** every insurer to adequately disclose the limitations of minimum limits UM/UIM policies in the form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage.

*Crutcher v. Liberty Mutual Ins. Co.*, 2022-NMSC-001, ¶¶ 32-33, 501 P.3d 433 (emphasis added).

Following this decision, Plaintiff filed a motion to file a second amended complaint to add new defendants based on a joint venture theory and to incorporate new law as a result of the New Mexico Supreme Court's answer to the certified question. (Pl.'s Mot. 3-6, ECF No. 65.) Defendants filed responses opposing the motion and requesting the Court dismiss the claims for varying reasons. (Defs.' Responses and Motions to Dismiss, ECF No. 70 and No. 71). One of the reasons underlying the motion to dismiss is that the *Crutcher* decision should only be applied prospectively, and that insurers had no duty to disclose and explain the *Schmick* offset prior to *Crutcher*. (*See* Defs.' Resp. 4, ECF No. 70.) Plaintiff disagrees, arguing that *Crutcher* did not immunize insurers for their past misconduct of collecting premiums from insureds while providing illusory coverage for those premiums. (*See* Pl.'s Reply 2-3, ECF No. 76.)

Numerous cases similar to *Crutcher* are pending in this district. Defendant insurers in those cases began routinely raising the legal question of whether *Crutcher* applies prospectively or retroactively, as they have in this case. In one of these federal cases, the Honorable William C. Johnson filed on November 21, 2022, a Memorandum Opinion and Order in *Smith v. Interinsurance Exchange of the Automobile Club*, No. 1:22-CV-00447-WJ, 2022 WL 17093456 (D.N.M. Nov. 21, 2022), *sua sponte* certifying to the New Mexico Supreme Court the determinative question of whether *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001, 501 P.3d 433, applies prospectively or retroactively. On January 10, 2023, the New Mexico Supreme Court issued an order accepting the certified question. *See* Order, *Smith v. Interinsurance Exch. of the Auto. Club*, No. S-1-SC-39659 (N.M. Jan 10, 2023).

## II. STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. Because a party's "right to proceed in court should not be denied except under the most extreme circumstances," the movant for a stay must make a strong showing that the remedy is necessary and clearly outweighs the disadvantageous effect on the non-movant. *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

### III.    ANALYSIS

An answer from the New Mexico Supreme Court on the retroactivity issue will help resolve a key issue in this case, as addressed in the pending motions to dismiss and the motion to amend, and an answer will help define the course of this federal litigation. Numerous similar cases are pending in the federal district court. Awaiting a decision by the New Mexico Supreme Court will promote uniformity in addition to comity. A stay also promotes judicial economy. If the Court were to decide the issues in this case without the benefit of the *Smith* decision, and should the *Smith* decision be in conflict, the course of litigation may need to change significantly mid-stream.

Plaintiff contends that the class-wide discovery it needs would not be affected by the certified merits question, would need to be collected regardless of the decision, and thus should not be stayed. The Court disagrees and finds that a decision in *Smith* may help guide the scope of discovery, including on the collection of class-wide certification discovery. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (explaining that rigorous analysis that prerequisites of Rule 23(a) have been satisfied will often entail some overlap with merits of underlying claim). As Defendants persuasively point out, if the New Mexico Supreme Court rules that there were no pre-*Crutcher*

4

disclosure obligations, but that insurers may be liable only for pre-*Crutcher* affirmative misrepresentations, the *Smith* ruling may affect class discovery and class certification decisions. Both parties will therefore benefit from a decision on the retroactivity issue before moving forward in this case. The Court will therefore stay discovery and resolution of the pending motions until it receives guidance from the New Mexico Supreme Court on the certified question in *Smith*. *Cf. Soleil v. Property and Casualty Ins. Co. of Hartford*, No. Civ. 1:22-cv-396-WJ-LF, Order Staying Proceedings 1 (ECF No. 28) (D.N.M. Feb. 7, 2023) ("Ms. Soleil's insurance policy was issued pre-*Crutcher* and her claims against Defendant are similar to those raised by the plaintiff in *Crutcher*; thus, whether *Crutcher* applies prospectively or retroactively may be determinative of a key issue in this case—if not dispositive of Ms. Soleil's entire action. Currently, Defendant Property and Casualty Insurance Company of Hartford has two motions pending: a motion to dismiss and a motion to certify. **Docs. 14, 15.** Accordingly, the Court finds it appropriate to refrain from ruling on these motions and **STAY** proceedings pending the New Mexico Supreme Court's answer to the certified question.").

Plaintiff, however, raises one issue that merits an exception to this order staying the case: the presentation of additional questions for certification to the New Mexico Supreme Court. Allowing briefing on the merits of the certification of additional questions to the New Mexico Supreme Court would potentially further judicial economy, so the Court will allow the parties to file in this case motions and briefs addressing the merits of certification of additional questions to the New Mexico Supreme Court. Otherwise, this matter is stayed.

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Stay* (**ECF No. 80**) is **GRANTED**. This case is **STAYED** until the New Mexico Supreme Court issues a decision on the certified question in *Smith v. Interinsurance Exchange of the Automobile Club*, No. S-1-SC-39659,

with the one exception that the parties may file motions and briefs related to requests to certify additional questions to the New Mexico Supreme Court.

                                              SENIOR UNITED STATES DISTRICT JUDGE