## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GREGORY CRUTCHER, *individually and on*
*behalf of other similarly situated individuals*,

      Plaintiff,

v.                                 No. 1:18-cv-00412-JCH-KBM

LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY PERSONAL INSURANCE COMPANY,
FIRST NATIONAL INSURANCE COMPANY OF
AMERICA, SAFECO INSURANCE COMPANY
OF AMERICA, and SAFECO NATIONAL INSURANCE
COMPANY,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Gregory Crutcher's *Opposed Motion to Certify a Controlling Question of Law to the Supreme Court of New Mexico* (ECF No. 85). This case is currently stayed until the New Mexico Supreme Court decides the certified question in *Smith v. Interinsurance Exchange of the Automobile Club*, No. S-1-SC-39659. (Order 5-6, ECF No. 86.) The Court's Order expressly set forth one exception to the stay: "the parties may file motions and briefs related to requests to certify additional questions to the New Mexico Supreme Court." (*Id.*) Consequently, this Court has considered the motion to certify the additional question of law, but based on the motion, briefs, record, and otherwise being fully advised, the Court will deny Plaintiff's motion to certify.

### I.    PROCEDURAL HISTORY

An at-fault driver t-boned Plaintiff in June 2017, causing Plaintiff to suffer over $50,000 in personal injuries. (*See* Amended Class Action Complaint ¶ 30, ECF No. 32 ("Am. Compl.").) Defendant Safeco Insurance Company of America ("Safeco") provided Plaintiff uninsured and

underinsured motorist coverage ("UM/UIM") of up to $25,000 per person/$50,000 per occurrence – the statutory minimum under New Mexico's UM/UIM statute, N.M.S.A. § 66-5-215(A)(1). (*Id.* ¶ 35.) Like Plaintiff, the tortfeasor driver carried minimal liability coverage. (*Id.* ¶ 37.) Plaintiff, after receiving $25,000 from the tortfeasor's insurer, claimed $25,000 in UIM benefits from his own insurer, Safeco. (*Id.* ¶ 40.) Safeco, however, reduced or "offset" from the $25,000 UIM coverage the $25,000 Plaintiff received from the tortfeasor's insurer, meaning Plaintiff recovered nothing from Safeco. (*Id.* ¶¶ 44-46.) This offset was based on *Schmick v. State Farm Mut. Auto. Ins. Co.*, 1985-NMSC-073, 103 N.M. 216.

Plaintiff's Amended Complaint seeks class action certification for persons like Plaintiff who regularly paid premiums for UIM coverage but who find themselves receiving no such coverage at all. (*See* Am. Compl. ¶¶ 48-50, ECF No. 32.) Mr. Crutcher's complaint alleges, among other things, that insurers had a duty under New Mexico statutory and common law to provide UIM coverage for the premiums they charged and violated that duty; that insurers engaged in deceptive trade practices and misrepresentation by not fully informing insureds of the consequences of offsetting; that insurers in bad-faith failed to pay UIM benefits and breached insurance contracts; that insurers breached their contract and the duty of good faith and fair dealing in denying UIM coverage for the premiums they charged for it; that insurers were unjustly enriched by the value of the UIM benefits, UIM premiums, and out-of-pocket expenses. (*See id.* at 12-22.)

Upon an unopposed motion by the parties, this Court previously certified to the New Mexico Supreme Court under Rule 12-607(A) NMRA the following question: "Whether UM/UIM coverage sold in New Mexico at state-minimum coverage levels of [$25K/50K] contains illusory underinsured motorist coverage[?]" (Order 2, 4, ECF No. 52.) The New Mexico Supreme Court answered:

**hereafter**, the insurer shall bear the burden of disclosure to the policyholder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance….

…UM/UIM coverage at the minimum level is permitted because the law not only allows, but requires, it to be sold as was done so here. However, such coverage is illusory because it is misleading to the average policyholder. As such **we will now require** every insurer to adequately disclose the limitations of minimum limits UM/UIM policies in the form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage.

*Crutcher v. Liberty Mutual Ins. Co.*, 2022-NMSC-001, ¶¶ 32-33, 501 P.3d 433 (emphasis added).

Numerous cases similar to *Crutcher* are pending in this district. Following the New Mexico Supreme Court's decision in *Crutcher*, Defendant insurers in this and other pending cases began raising the legal question of whether *Crutcher* applies prospectively or retroactively. In *Smith v. Interinsurance Exchange of the Automobile Club*, No. 1:22-CV-00447-WJ, 2022 WL 17093456 (D.N.M. Nov. 21, 2022), the Honorable William C. Johnson *sua sponte* certified the prospective versus retroactive question to the New Mexico Supreme Court, which accepted it. *See* Order, *Smith*, No. S-1-SC-39659 (Jan 10, 2023). This Court then issued a stay of this case, including a stay of the pending motion to amend, until the New Mexico Supreme Court resolves the certified question in *Smith*. For reasons of judicial economy, however, this Court permitted briefing on the merits of the certification of additional questions.

In the motion to certify at issue here, Plaintiff seeks to certify the following proposed question:

When an insurer fails to disclose to an insured that the insured can *never* recover the full amount of Underinsured Motorist Coverage (UIM) stated on the policy, is the application of *Crutcher* regarding misrepresentations or failure to disclose applicable only to UM/UIM coverage at minimum limits or does it also apply to UM/UIM coverage at above minimum limits?

(Pl.'s Mot. 1, ECF No. 85.) Even though Mr. Crutcher, the named plaintiff in this case, purchased only minimum limits, Plaintiff argues that the class-action class does not need to be limited to plaintiffs who bought minimum limits coverage and encompasses claims for putative class members who purchased above-minimum limits UIM coverage. Plaintiff relies on two cases in this district, in which the court, as part of settlement, conditionally certified classes for plaintiffs who purchased minimum and above-minimum limits UIM coverage. *See Martinez et al., v. Progressive Preferred Ins. Co.*, 1:19-cv-00004-JHR-SCY, 2023 WL 2474731, at *1 (D.N.M. Mar. 13, 2023) (as part of approval of settlement agreement, conditionally certifying class of policyholders who purchased policy with UM/UIM coverage); *Bhaskar v. Financial Indemnity Co.*, No. 1:17-cv-00260-KWR-JHR, Am. Order Preliminarily Approving Settlement and Directing Notice to the Class 4-5 (D.N.M. Feb. 8, 2023) (conditionally approving for settlement purposes all persons insured under policies issued by Financial that included UIM coverage). *See also Bhaskar v. Kemper Cas. Ins. Co.*, 361 F.Supp.3d 1045, 1148 (D.N.M. 2019) ("Despite the Court's prediction that the Supreme Court of New Mexico would not conclude that the *Schmick* offset renders higher-than-minimum-limits UIM coverage illusory, Bhasker may proceed on her theory that Financial Indemnity's misleading and deceptive business practices engendered for the proposed class -- to include insureds who purchased non-minimum limits coverage -- a reasonable expectation that UIM insurance provides additional coverage when the insured's damages exceed what is available from the tortfeasor.").

Defendants oppose certification of this issue. They argue certification is unnecessary because this Court can discern New Mexico law based on the recently issued *Crutcher* decision and other precedent. In support, Defendants cite the decision of the Honorable Kenneth J. Gonzales in *Garcia v. Republic Underwrites Ins. Co.*, 1:21-cv-01023-KG-JMR, Mem. Op. and Order (ECF

No. 24) (D.N.M. Feb. 27, 2023), in which he concluded that *Crutcher* does not apply to non-minimum policies, and that the *Schmick* offset was not illusory or misleading because the policyholder received UIM benefits. *See id.* at 1, 8. Defendants argue that Plaintiffs are attempting an end-run around the impact of this decision through an improper certification.

## II.    STANDARD FOR CERTIFICATION

The New Mexico Supreme Court may answer questions of law certified to it by a federal court if "the answer may be determinative of an issue in pending litigation in the certifying court and the question is one for which answer is not provided by a controlling (a) appellate opinion of the New Mexico Supreme Court or the New Mexico Court of Appeals; or (b) constitutional provision or statute of this state." NM R RAP Rule 12-607(A)(1); *see also* NMSA 1978, § 39-7-4 (1997) ("The supreme court of this state may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state."). The New Mexico Supreme Court generally accepts certifications when there are no factual disputes regarding the questions certified and the "answer either disposes of the entire case or controversy or disposes of a pivotal issue that defines the future course of the case." *Schlieter v. Carlos*, 1989-NMSC-037, ¶ 5, 108 N.M. 507, 508 (internal citations omitted). It also considers whether the certified question is of substantial public interest, the degree of uncertainty in the law, and judicial economy. *Id.* ¶ 15.

The decision to certify a question to the state supreme court rests in the discretion of the federal court. *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1120 (10th Cir. 2008) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Federal courts have a duty to decide questions of state law when necessary to the judgment, and certification should not be routinely invoked for

unsettled questions of state law. *Id.* at 1119. Courts should exercise "judgment and restraint" before certifying, but keeping in mind that "the judicial policy of a state should be decided when possible by state, not federal, courts." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). "But when important and close questions of state legal policy arise . . . certification may 'in the long run save time, energy, and resources and help[ ] build a cooperative judicial federalism.'" *United States v. Reese*, 505 F. App'x 733, 734 (10th Cir. 2012) (quoting *Lehman Bros.*, 416 U.S. at 391) (alterations in original).

### III.   ANALYSIS

Plaintiff asserts that the question he seeks to certify about whether the *Crutcher* holding applies to above minimum limits of UM/UIM coverage would be determinative of an issue pending in the litigation before this Court. Defendants, however, dispute this assertion.

Turning to the first certification factor, the Court agrees with Defendants that the answer is not determinative of an issue currently pending in this case. Plaintiff Crutcher, the only named plaintiff currently in this litigation, does not hold above-minimum-limits coverage. At this stage in the litigation, it has yet to be determined whether Plaintiff will be able to bring into his proposed class insureds with above-minimum-limits coverage. The proposed certified question thus may not be determinative of an issue in this case, depending on the Court's decision on the scope of the class definition. In support of his position that certification is appropriate at this early stage, Plaintiff relies on cases in this district that conditionally certified classes to include both minimum-limits and above-minimum-limits insured, but this Court has yet to do so in this case, and a decision predicting that it will is premature.

Moreover, even if the Court were to ultimately decide that the proper class in this case includes above-minimum-limits insureds, the second factor in the certification analysis also

weighs against certification. To certify an issue, the question must be one for which controlling law does not provide an answer. The Court is not convinced that the proposed certified question is one for which answer is not provided by construing controlling state appellate law, such as *Crutcher* and precedent upon which it relied. *Cf. Soleil v. Property and Cas. Ins. Co. of Hartford*, No. 1:22-cv-00396-WJ-LF, Order Denying Mot. to Temporarily Lift Stay 4 (ECF No. 34) (D.N.M. May 23, 2023) (denying plaintiff's motion to lift stay to certify question of whether *Crutcher* applies to UM/UIM coverage at above minimum limits because "the Court disagrees that the question is one for which the answer is not provided by a controlling appellate opinion of the New Mexico Supreme Court"); *Garcia v. Republican Underwriters Ins. Co.*, Civ. No. 21-1023 KG/JMR, Mem. Op. and Order 11-17 (ECF No. 30) (D.N.M. Sept. 13, 2023) (concluding, based on *Crutcher*, that plaintiff, who did not purchase statutory minimum of UM/UIM coverage, did not purchase policy with "illusory" component and no reasonable jury could find any misrepresentation in policy). The degree of uncertainty in the law post-*Crutcher* on this issue is not high enough to warrant certification of yet another issue in this litigation. Judicial economy also does not weigh in favor of certification where the issue is premature.

**IT IS THEREFORE ORDERED** that Plaintiff Gregory Crutcher's *Opposed Motion to Certify a Controlling Question of Law to the Supreme Court of New Mexico* (**ECF No. 85**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE